QUINLAN v. WESTERVELT.

(Supreme Court, Appellate Term. January 27, 1910.)

HUSBAND AND WIFE (§ 19*)—NECESSARIES—SALE TO WIFE—HUSBAND'S LIA-
BILITY.

One who sells necessaries to a married woman, whom he knows is living apart from her husband, cannot hold the husband therefor, on the theory that she was authorized to make the purchases on his credit, or that the provision made for her by him was inadequate, or not commensurate with his means and her station in life; it appearing that during that year he paid his wife $2,533 out of his net income of $4,951, though he testified that, in addition to the $40 per week he paid her, there were extras, and that at times he had paid for dresses, etc., purchased by her.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 121–138; Dec. Dig. § 19.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Angela C. Quinlan against John C. Westervelt. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Henry M. Stevenson, for appellant.
McKenna & McKenna, for respondent.

GIEGERICH, J. Plaintiff sued the defendant for the agreed purchase price of goods sold by him to the defendant's wife, which goods it was conceded upon the trial were necessaries suitable to the wife's condition in life. At the time of the sale the wife was living apart from her husband, which fact was known to the plaintiff, and he so avers in his complaint. The goods were sold to the wife in 1905, and the undisputed evidence shows that the husband's net income during that year was $4,951, out of which he paid his wife during that time the sum of $2,533.28; regular agreed-upon payments of $40 each week having been made, and various sums at other times, in all aggregating said amount. Under such proof the husband cannot be held liable, nor is the fact that the husband testified that in addition to said weekly sum "there was extras," and that at times he had paid for dresses, etc., purchased by her, sufficient to support the theory of the plaintiff that there was authority conferred upon the wife to purchase necessaries upon the husband's credit, or that the provision so made

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for her was inadequate, or not commensurate with his means and her station in life. Nathan v. Morgenthau, 114 N. Y. Supp. 796.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.